```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR M. FERARU,

                Plaintiff,

-against-

CITIBANK, N.A.,

                Defendant.

24-CV-04542 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff initiated the above-captioned action on June 13, 2024. After multiple filing errors, Plaintiff properly filed the complaint on June 14, 2024. *See* Dkt. No. 6. On June 13, 2024, Plaintiff improperly filed a Request for Issuance of a Summons as to Defendant Citibank, N.A. Dkt. No. 2. Unlike the filing of the complaint, Plaintiff did not correct the improperly filed Request for Issuance of a Summons, despite the fact that the Court has afforded Plaintiff ample opportunity to do so. *See* Dkt. Nos. 8, 10. Plaintiff has been warned that failure to properly Request Issuance of a Summons would result in dismissal of the action for failure to prosecute. For the reasons that follow, this action is dismissed, *sua sponte*, without prejudice under Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed his complaint in this action on June 13, 2024 and properly filed the complaint on June 14, 2024. *See* Dkt. No. 1, 4, 5, 6. In the more than five months since this case has been pending, Plaintiff has failed to correct his improperly filed Request for Issuance of a Summons.

    On June 20, 2024, the Court issued an order that (i) scheduled an Initial Pretrial Conference for August 27, 2024; (ii) set a deadline of August 20, 2024, for the parties to file a joint letter and proposed Civil Case Management Plan; and (iii) directed Plaintiff's counsel to serve a copy of the Court's Order and the Court's Individual Rules & Practices upon Defendant's counsel (or upon Defendant, if unaware of the identity of Defendant's counsel) and file proof of such service with the Court. *See* Dkt. No. 7. Plaintiff's counsel never filed proof of service of the June 20 Order. In addition, the parties did not file the joint letter or proposed Civil Case Management Plan as scheduled and Plaintiff's counsel provided no communication whatsoever to the Court regarding the missed deadline. On August 23, 2024, the Court adjourned the Initial Pretrial Conference and ordered Plaintiff to properly file his Request for Issuance of a Summons by September 23, 2024 and to serve Defendant Citibank N.A. Dkt. No. 8. The Court provided express notice to Plaintiff that "In the event a summons has not been requested and issued by September 23, 2024, this case will be dismissed for failure to prosecute." *Id.*

    Despite this clear notice, Plaintiff filed an untimely letter motion requesting additional time to request issuance of a summons and to serve Defendant Citibank. *See* Dkt. No. 9. The Court obliged, providing Plaintiff until November 8, 2024 to properly file his Request for

Issuance of a Summons. *See* Dkt. No. 10 at 2. Again, this Order stated that "[i]n the event a summons has not been properly requested and issued by November 8, 2024, this case will be dismissed for failure to prosecute without further notice to any party." *Id.* To date, Plaintiff has failed to re-file his Request for Issuance of a Summons or file proof of service of the summons and complaint, and Defendant has not been served and has not appeared in this action.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Here, more than 90 days have passed since the filing of the complaint, and Plaintiff has not filed proof of service on the docket. Moreover, the Court already notified Plaintiff that the action would be dismissed if Plaintiff did not file proof of service by October 29, 2024. Therefore, the action is dismissed without prejudice under Rule 4(m). *See Ungaro v. Aaron*, No. 24-cv-00339 (RA), 2024 WL 3678437, at *1 (S.D.N.Y. Aug. 5, 2024).

Rule 41(b) of the Federal Rules of Civil Procedure supplies an additional basis for dismissing the action. "Under [Rule 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Plaintiff has not complied with any Court orders. More than five months have passed since Plaintiff commenced the action on June 13, 2024, *see* Dkt. No. 1, nearly five months have passed since the Court ordered Plaintiff to serve on Defendant a copy of the Court's Order scheduling a conference, *see* Dkt. No. 7, and two weeks have passed since the most recent Court order directing Plaintiff to properly request issuance of a summons, serve Defendant, and file proof of service by no later than November 8, 2024, *see* Dkt. No. 10. Plaintiff's more than five-month period of inaction weighs in favor of dismissal.

In addition, Plaintiff was on notice that failure to comply could result in dismissal. *See* Dkt. Nos. 8, 10. On August 23 and October 30, the Court warned Plaintiff that failure to request issuance of a summons and file proof of service by the specified deadline could result in dismissal of the action for failure to prosecute. *See id.* As of the date of this Order, Plaintiff has still failed to properly request issuance of a summons and file proof of service upon Defendant

and has not contacted the Court to seek an extension or explain the repeated failure to comply with Rule 4(m) and with the Court's Order.  There is no end in sight to Plaintiff's delay.

Further, the Court has a strong interest in managing its docket and cannot wait indefinitely for Plaintiff to turn its attention to this case.  Plaintiff has been reminded of its obligations and has expressly been warned that failure to serve Defendant would result in dismissal of the case.  *See* Dkt. Nos. 8, 10.  Moreover, "'it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket' where [Plaintiff has] 'made no effort to comply with the Court's orders or to prosecute this case." *Ungaro*, 2024 WL 3678437, at *2 (internal marks omitted) (quoting *Antonio v. Beckford*, 05-cv-02225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)).  Thus, the balancing of interests favors dismissal.

Finally, in light of Plaintiff's failure to respond to any of the Court's orders, the inability of the Court or of any party to proceed in this case unless and until Plaintiff serves Defendant, and the mandates of Rule 4(m), the Court finds that no sanction other than dismissal is adequate. *See id.*  Because the dismissal is based on Plaintiff's failure to serve under Rule 4(m), the dismissal is without prejudice.  *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

For all of the reasons stated above, it is hereby ORDERED that this case is dismissed without prejudice.  The Clerk of Court is directed to CLOSE the case.

Dated: November 15, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3